**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**STACY L. JONES**                                                                                               **PLAINTIFF**

V.                                      **CASE NO.: 3:12CV00202 JLH/BD**

**STATE OF ARKANSAS, et al.**                                                                       **DEFENDANTS**

**RECOMMENDED DISPOSITION**

I. **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.    Background:

Plaintiff Stacy L. Jones filed this action pro se under 42 U.S.C. § 1983, alleging malicious prosecution and a violation of a claimed right to a grand jury.  (Docket entry #1)  Mr. Jones originally filed this action in the Eastern District of Missouri.  The Missouri Court transferred the case to this Court and provisionally granted Mr. Jones's motion for leave to proceed *in forma pauperis*.  (#3)  Judge Holmes referred all pretrial matters to this Court for disposition or recommended disposition.  (#5)

Mr. Jones alleges that he was arrested on April 20, 2011, and charged with first-degree murder.  (#1, ¶13)  He alleges he was arrested a second time on August 6, 2011, again for first-degree murder.[1]  (#1, ¶17)  He alleges that after his arrests, he was held in jail for over 100 days on a $500,000.00 cash bond.  (#1, ¶16)  On December 12, 2011, Circuit Court Judge Cindy Thyer granted Prosecutor Curtis Walker's motion to dismiss the first-degree murder charge, with prejudice.  (#1, ¶15, #1-1)  On February 27, 2012, the State "nolle prossed" another criminal case with a separate case number.  (#1-1, p. 2)

---

[1] According to the Court Order dismissing the charge, probable cause for first-degree murder was stated before the District Court Judge on August 8, 2011.  (#1-1)

Based on his arrest and time spent in jail, Mr. Jones has sued the State of Arkansas, the City of Blytheville, Circuit Court Judge Cindy Thyer, Prosecutor Curtis Walker, Police Chief Ross Thompson, and Josh Long.  All of the named individuals are sued for monetary damages in their official capacities.[2]  (#1, ¶2-¶5)

### III.   Discussion:

Federal courts must dismiss cases that fail to state a claim upon which relief can be granted, or that seek money from a defendant who is immune from paying damages.  28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).  This Court has carefully reviewed the Complaint and its attachments.  (#1)  The Complaint does not state a claim for relief.  And the Plaintiff seeks money damages from individuals who are immune from paying damages.

To state a claim, a plaintiff must plead facts with enough specificity to raise a claim above a speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (citations omitted).  A complaint cannot simply leave open the possibility that a plaintiff might be able to factually support a claim at a later time.  *Id*. at 561-62 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to make the claims plausible, not merely conceivable.  *Id*. at 570.

In any event, a plaintiff suing under § 1983 cannot recover money damages from the State of Arkansas.  See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct.

---

[2] Mr. Jones does not identify Mr. Long's official position.  He states that Mr. Long filed reports about the murder, but lied about who the true murderer was.  (#1, ¶28).  Mr. Jones also alleges that Mr. Long waited until January "to do DNA".  (#1, ¶29)

2304 (1989). And to hold the city of Blytheville liable in a § 1983 lawsuit, Mr. Jones would have to show that the City had a policy or custom of failing to act upon prior similar complaints of unconstitutional conduct, which caused the constitutional injury he suffered. *Andrews v. Fowler*, 98 F.3d 1069, 1075 (8th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978)). Mr. Jones has not presented any facts that could support a claim against either the State of Arkansas or the City of Blytheville.

Furthermore, judges, such as Defendant Thyer, are entitled to absolute judicial immunity. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam); *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997). Absolute immunity defeats a § 1983 suit at the outset. And this immunity cannot be overcome, even with allegations of bad faith or malice. *Mireles*, 502 U.S. at 11-12. (citations omitted). Judicial immunity trumps unless nonjudicial actions are alleged or in cases where the judge acted in the complete absence of all jurisdiction. *Id.* (citations omitted).

Both the United States Supreme Court and the Eighth Circuit Court of Appeals have recognized absolute immunity for prosecutors, as well, when they are initiating a prosecution or presenting the State's case. See *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (citing *Burns v. Reed*, 500 U.S. 478 (1991)). Mr. Jones has not pleaded any facts that could arguably defeat Defendant Walker's immunity.

Mr. Jones has also failed to present any facts that state a claim against either Defendant Thompson or Long. In their official capacities, neither Defendant is liable for money damages. *Will*, 491 U.S. 58.

It is unfortunate that Mr. Jones spent time in jail before being cleared of murder charges. Under the circumstances presented here, however, he is not entitled to any federal relief for his arrest and detention.

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." . . . Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695 (1979).

**IV.** **Conclusion:**

The Court recommends that Mr. Jones's claims be DISMISSED, with prejudice. The Court further recommends that Judge Holmes certify that an *in forma pauperis* appeal of this dismissal would not be taken in good faith.

DATED this 30th day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE